20399. NATIONAL SURETY COMPANY *v.* MOORE, superintendent.

DECIDED DECEMBER 12, 1930. REHEARING DENIED FEBRUARY 28, 1931.

*Ellis, Webb & Ellis,* for plaintiff in error.

*J. E. D. Shipp, Bradley Hogg,* contra.

JENKINS, P. J. This was a suit on a surety bond by E. T. Moore, superintendent of schools of Sumter county, for the use of the board of education of that county, against the National Surety Company, to recover $1701.42, the amount of the plaintiff's deposit in the Planters Bank of Americus when it closed its doors on December 5, 1928. It appears that an application for a bond or policy guaranteeing the plaintiff's deposit in the bank had been received by the defendant company from its local agent, C. M. Council, who was also vice-president of the bank, and that a bond, signed by the bank as principal and by the defendant company, through its attorney in fact, Wm. L. McCalley Jr., as surety, was issued and delivered on September 8, 1927. This bond was afterwards cancelled, however, and a new bond, executed in like manner, was issued in lieu thereof on February 6, 1928, the new bond being dated September 8, 1927, and expiring on September 8, 1928. Attached to the bond was a power of attorney, signed by the National Surety Company acting through its president, and attested by its assistant secretary, appointing McCalley attorney in fact to execute, for and in the name and behalf of the company, any and all bonds, contracts of indemnity, etc., and reciting that the power of attorney was executed in accordance with the by-laws of the company authorizing such appointment by said official, the said by-laws being embodied in the power of attorney. The bond provided that "this bond may, if the parties hereto so elect, be continued in force from time to time for additional period or periods by continuation certificate executed by the principal and the surety." On the date of the expiration of the bond, to wit, September 8, 1928, the plaintiff obligee undertook to renew it for an additional period of twelve months by paying to the local agent of the company $50, taking from him a receipt which stated that the payment of said premium extended the bond to September 8, 1929. The evidence on the trial was undisputed that the local agent had no authority to sign and issue continuation certificates, and the plaintiff himself testified that he knew it was necessary for a continuation certificate to be issued, in order to bind the company.

He testified that he continued to call upon the agent for such a renewal certificate, and that the agent would put him off, first by saying that it would take time to get it, and later by telling him that although something was the matter, the certificate would be issued and sent. He further testified that he told the agent that letters were not what he wanted, that he wanted the renewal certificate; "I considered that renewal certificate necessary, that is why I was so anxious to get it. I felt like that we ought to have that certificate from the bonding company." There was evidence from the defendant that the agent, without disclosing that he had collected the premium for another year, applied for a renewal of the bond, and that the company notified the agent that it did not care to renew the bond. The suit on the bond was for money deposited subsequent to the time provided for by the signed agreement. The jury found in favor of the plaintiff in the amount sued for, together with damages in the sum of $25 and attorney's fees in the sum of $250.

The power of the local agent to bind the defendant company by a renewal certificate, contrary to the express terms of the bond itself, was not within either the real or the apparent authority of the local special agent. The rulings made by the appellate courts with reference to policies of fire-insurance where the local agent has power himself to issue and sign the policies have no relevancy to the class of cases in which the policy expressly excludes the right of the agent so to do. *New York Life Insurance Co.* v. *Patten,* 151 *Ga.* 185 (106 S. E. 183). As was said in *Reliance Life Ins. Co.* v. *Hightower,* 148 *Ga.* 843, 845 (98 S. E. 469), "an insurance company may limit the power of its agent; and when notice that the agent's power is limited is brought home to the insured in such manner as would put a prudent man on his guard, the insured relies at his peril on any act of the agent in excess of his power. The insured is bound by plain and unambiguous limitations upon the power of the agent contained in his policy." Accordingly, in the instant case the mere giving of the receipt by the local agent, purporting to continue the bond of force, did not bind the company, which not only did not renew the bond, but actually refused to do so, and the verdict in favor of the plaintiff was unauthorized by law.

*Judgment reversed. Stephens and Bell, JJ., concur.*